Opinion Issued November 4, 2004










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00016-CV




METROPOLITAN TRANSIT AUTHORITY, Appellant

V.

EFREN SALAZAR, Appellee




On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2003-30380




O P I N I O N

          Appellee Efren Salazar sued Trena Jernigan and the Metropolitan Transit
Authority (“Metro”), appellant, alleging personal injuries as a result of a motor
vehicle collision. Metro filed a plea to the jurisdiction, asserting that Salazar had
failed to give Metro the required notice of his claim pursuant to the Texas Tort
Claims Act. See Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a). Metro timely
filed a notice of an interlocutory appeal from the trial court’s order denying its
jurisdictional plea. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(8). In its sole
issue, Metro contends that the trial court erred in denying its motion to dismiss based
on lack of jurisdiction, because Salazar failed to give Metro proper notice of his
claim. We dismiss the appeal for lack of jurisdiction.The Facts
          Salazar filed suit for injuries he alleges he received in a motorcycle accident
on the Southwest Freeway high occupancy vehicle (“HOV”) lane in Houston. At the
time of the collision, one of the defendants, Trena Jernigan, was traveling behind
Salazar in the HOV lane. Salazar alleges that a Metro bus merged into the HOV lane
in front of a vehicle traveling directly in front of Salazar. Salazar and the vehicle in
front of him came to a stop. Jernigan, however, failed to control her vehicle and
struck Salazar’s motorcycle from behind. The impact threw Salazar off of his
motorcycle and into traffic. After the collision, a Metro police officer investigated
the accident and completed an accident report. His report noted: (1) the identity of
the parties involved in the collision; (2) that Salazar had been injured in the collision
and his property had been damaged; and (3) that the parties involved in the collision
faulted the Metro bus as contributing to Salazar’s injuries and property damage. The
police officer, however, did not interview the Metro bus operator, cite the bus driver
as the cause of the accident, nor did he list the driver as an accident witness. 
Discussion
           The Texas Supreme Court recently has issued two decisions relevant to
Metro’s appeal. First, in University of Texas Southwestern Medical Center at Dallas
v. Loutzenhiser, the Texas Supreme Court held that “the failure to give notice of a
claim as required by section 101.101 does not deprive a court of subject matter
jurisdiction over an action on the claim.” 140 S.W.3d 351, 362 (Tex. 2004). Second,
in Texas Dep’t of Criminal Justice v. Simons, the court held that “actual notice under
section 101.101 requires that a governmental unit have knowledge of the information
it is entitled to be given under section 101.101(a) and a subjective awareness that its
fault produced or contributed to the claimed injury.” 140 S.W.3d 338, 348 (Tex.
2004). Relying on its opinion in Loutzenhiser, the Texas Supreme Court held that,
because a lack of notice is not jurisdictional, it cannot be made the basis of a plea to
the jurisdiction in the trial court. Id. at 348-49. As a result, a court of appeals has no
jurisdiction over an interlocutory appeal from a ruling on a plea to the jurisdiction
challenging notice under the Texas Tort Claims Act, and should dismiss such an
appeal. Id. at 349. We therefore hold that we have no jurisdiction over this appeal.
 
 
Conclusion
          Lack of proper notice under the Texas Tort Claims Act does not defeat a trial
court’s jurisdiction, and thus the trial court properly denied Metro’s motion to dismiss
for lack of jurisdiction. Moreover, the denial of a plea to the trial court’s jurisdiction
based on lack of proper notice under the Texas Tort Claims Act may not serve as a
basis for an interlocutory appeal. We therefore dismiss this appeal for lack of
jurisdiction.  
 
Jane Bland
                                                                        Justice
 
Panel consists of Justices Taft, Jennings, and Bland.